UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Darrell Warren,

        Plaintiff,

v.

Meg Forney, et al.,

        Defendants.

Case No. 23-cv-70 (JWB/LIB)

**REPORT AND RECOMMENDATION**

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636 and upon Defendants' Motion for Sanctions. [Docket No. 120]. The Court held a Motions Hearing on September 11, 2024. (Minute Entry [Docket No. 129]). At the hearing the Court took the Defendants' motion under advisement.

For the reasons discussed below, the undersigned recommends that Defendants' Motion for Sanctions, [Docket No. 120], is **GRANTED** and that the above-captioned matter is **DISMISSED** with **PREJUDICE**.

### I.  BACKGROUND

On January 9, 2023, Plaintiff filed a complaint, pro se, alleging deprivation of his civil rights under 42 U.S.C. § 1983. (Compl. [Docket No. 1]; see also Amended Compl. [Docket No. 64] at 6, ¶ 3).[1] The Complaint alleged that Plaintiff's civil rights were violated during a

---

[1] In the present case, Plaintiff is proceeding pro se, i.e., he is representing himself in the present matter rather than retaining legal counsel. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standard than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation omitted). However, "[a]lthough pro se

confrontation with Plaintiff and two police officers which occurred on August 28, 2021. (See generally Id.).[2] Plaintiff sough, and was granted, In Forma Pauperis status because of his lack of financial means. [Docket Nos. 2, 13].

Throughout this case, there have been multiple communications by Plaintiff to both Defendant and the Court. For instance, Plaintiff argued numerous objections to the Rule 26(f) report and the Court's initial scheduling order. (See Pretrial Scheduling Order [Docket No. 38] at 1, fn. 1).[3] However, the Court explained that a uniform agreement in the Rule 26(f) Report was

---

pleading are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984); see Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court encourages pro se litigants to use the Pro Se Civil Guidebook published by the District of Minnesota to help pro se litigants understand the procedures that they must follow if they so choose to represent themselves in Court. See Pro Se Civil GuideBook (August 2021), https://www.mnd.uscourts.gov/sites/mnd/files/Pro-Se-Civil-Guidebook.pdf.

[2] To add additional context, the Park Police officers, defendants Andrew Klein and Karl Zabinski, spotted several individuals (neither of whom were the Plaintiff) with hypodermic needles and a folded knife over 4 inches long in the park. (Def.s' Statement of the Case [Docket No. 32] at 1; Plf.'s Statement of Facts [Docket No. 33] at 1). While the two officers were addressing these individuals, Plaintiff, who was a bystander, confronted the officers regarding their actions because he perceived the encounter to be unlawful. (Id.). During this confrontation, Plaintiff attempted to videotape the interaction with his cellphone. (Id.). While the officers permitted Plaintiff to record, they informed him that he needed to back away from the scene so as not to interfere. (Id.). However, Plaintiff refused to step back from the scene or produce any identification. (Id.). The officers again asked Plaintiff to step back, but Plaintiff did not. (Id.). Instead, the police report states that Plaintiff "began rummaging through his backpack and told the officers, 'I'm not that motherfucker you want to fuck with." (Defendants' Statement of the Case [Docket No. 32] at 1). Officer Klein then again ordered Plaintiff to step back, but Plaintiff continued to go through his backpack and told the officers, "You're stopping me from videotaping. I'm not giving a fuck. You are going to switch this on me when you get done. I'm going to show you who you're fucking with." (Id.). As a result of Plaintiff's statements, the officers grabbed Plaintiff's arms to attempt to move him. (Defendants' Statement of the Case [Docket No. 32] at 2; Plf.'s Statement of Facts [Docket No. 33] at 3). This started an altercation, which eventually led to Plaintiff being pulled to the ground. (Id.). Plaintiff continued to resist, and as a result, Plaintiff was "tazed" by the officers using the "arc function" in the stun gun. (Id.). However, Plaintiff continued to struggle, and as a result, Officer Klein deployed the stun gun's probes and shot the probes into Plaintiff's torso. (Id.). While Plaintiff was briefly incapacitated during the stun gun's five-second cycle, Plaintiff continued to struggle, which prompted Officer Klein to fire a second set of probes at Plaintiff. (Id.). This also failed to incapacitate Plaintiff, so the officers resorted to using their body weight to hold Plaintiff on the ground until other officers arrived on the scene. (Id.). The additional officers were able to place handcuffs on Plaintiff before he was taken to the Hennepin County Medical Center prior to being booked into Hennepin County Jail. (Id.).

[3] The dispute concerning the Scheduling Order led to Plaintiff filing several motions. On June 29, 2023, this Court issued an Order directing the parties to meet and confer no later than July 20, 2023, for the purposes of preparing a joint proposed Pretrial Schedule in accordance with Federal Rule of Civil Procedure 26(f). (Order [Docket No. 30] at 2). This Order further directed the parties to submit a Joint Rule 26(f) Report filed on CM/ECF on or before July 31, 2023. (Order [Docket No. 30] at 4). On July 31, 2023, the parties filed a joint 26(f) Report signed by both Plaintiff and Counsel for Defendants. (Rule 26(f) Report [Docket No. 31] at 6). However, on August 8, 2023, Plaintiff filed a letter to Defendants' Counsel, [Docket No. 35], as well as a "Memorandum in Opposition" to the

not required, and that no hearing on the issue was necessary for the Court, in its full discretion, to issue its Pretrial Scheduling Order. (See Pretrial Scheduling Order [Docket No. 38] at 1, fn. 1).[4] This scheduling order provided that discovery would end on August 15, 2024 (Id.). Discovery proceeded and parties produced discovery and communicated without issue during the initial phases of the litigation. (See Mosley Decl. [Docket No. 95] at ¶ 2-3, see also Mosley Decl. Ex. E [Docket No. 95-1] at 7 (summarizing the record as of January 22, 2024)).[5]

However, such collegiality began to break down on December 26, 2023, Defendants served upon Plaintiff, by U.S. Mail, a "Notice of Deposition of Plaintiff Darrell Warren" scheduled for January 11, 2024. (Mosley Decl. Ex. C [Docket No. 79] at 9-10). On January 8, 2024, after receiving notice of his deposition, Plaintiff filed his "Motion to Quash the Notice of Deposition" where Plaintiff asserted a theory that he did not "agree" to be deposed and therefore he could not be forced to be deposed. (Plf.'s Motion to Quash [Docket No. 75]). After filing his objection, Plaintiff did not appear at his scheduled deposition. As a result, on January 29, 2024, Defendants filed a Motion to Compel the Deposition of Plaintiff Darrell Warren. [Docket No. 91].

---

parties' Rule 26(f) Report. [Docket No. 34]. In his "Memorandum in Opposition," Plaintiff took issue with his prior signed joint 26(f) Report on the grounds that the proposed scheduling order "would [only] benefit Defendants in this case." (Plf.'s Memo. [Docket No. 34] at 1). Plaintiff also claimed that the joint Rule 26(f) Report bearing Plaintiff's signature was not in its original form. (See Letter to Ms. Mosley [Docket No. 36] at 1; see also Plf.'s Memo. [Docket No. 34] at 2). On August 9, 2023, Defendants' counsel filed a letter to this Court explaining that the dispute regarding the joint 26(f) Report arose from the parties having difficulties agreeing to proposed scheduling dates. (See Letter to Magistrate Judge [Docket No. 35] at 1). On the same day, Plaintiff filed a "Rebuttal" on CM/ECF, arguing that any agreements between the parties described in the joint Rule 26(f) Report "should be void." (Plf.'s Rebuttal [Docket No. 37] at 7).

[4] As the Court explained in its hearing on Plaintiff's Motion, [Docket No. 40], seeking a recission of the Scheduling Order, the Court need not decide any of the merits issues of the case or any issues or disagreements the parties may have over the formation of their proposed scheduling order. (Transcript of Sept. 12, 2023, Hearing [Docket No. 104] at 4). While the materials submitted to the court are considered they are not binding on the Court. (Id.). Instead, the Court uses the information the parties submit along with the Court's independent judgement to form an appropriate pretrial schedule for the case. (Id.).

[5] For example, in August of 2023, Plaintiff served a subpoena duces tecum on Defendants for video footage pertaining to the August 28, 2021, incident. (Plf.'s Request for Production [Docket No. 39]).

3

Following a contentious hearing on May 13, 2024, [Docket No. 118], where Plaintiff repeatedly interrupted the Court such that the Court could not even reach oral argument on Defendants' motion to compel, the Court issued an Order on June 24, 2024, denying Plaintiff's motion to quash and granting Defendants' motion to compel. In the Order, the Court overruled all of Plaintiff's numerous objections and arguments as to why he believed he could not be deposed. In addition, the Court explained to Plaintiff, in the Order, that such oral depositions are part of the normal course of discovery under the Federal Rule of Civil Procedure and Defendants are entitled to depose Plaintiff and examine him on topics relevant to the claims of the above-captioned case. (See Order [Docket No. 119] at pp. 14–19). As a result, the Court Granted Defendants' motion to compel and Ordered Plaintiff to attend his own deposition at a date and time noticed by Defendants. (Id. at pp. 19–20).

On July 1, 2024, Defendants served Plaintiff with a second Notice of Deposition which was slated to occur on July 16, 2024. (Walther Decl. Ex. A [Docket No. 123]). The notice was mailed to Plaintiff's address of record. (Walther Decl. [Docket No. 123] ¶ 2).[6] The notice was not returned as undeliverable and therefore was presumed to have been received by Plaintiff. (Id.). However, on July 16, 2024, Plaintiff did not appear to his scheduled deposition. (Id. at ¶ 3; Walther Decl. Ex. B [Docket No. 123]). As a result, Defendants attempted to contact Plaintiff to meet and confer before filing a motion for sanctions for failing to appear at the scheduled deposition.

---

[6] Plaintiff, throughout the litigation, maintains that he does not have an e-mail address and thus cannot receive communications electronically. As such, throughout this litigation, Plaintiff has received all communications and notices through via physical mail at the address on file with the Clerk's Office. Such methods of communication have been effective during the course of the litigation as Plaintiff had notice and appeared at multiple hearings. In addition, Plaintiff responded to Defendants' correspondence and notices sent to him via mail at the address on file as well.

On August 1, 2024, Defendants' counsel attempted to call Plaintiff via the telephone number on record with the Court, but received only an automated message stating that the telephone number was no longer in service. (Meet and Confer Statement [Docket No. 125]). In addition, Defendants mailed a letter to Plaintiff also on August 1, 2024, requesting that he contact Defendants for a meet and confer regarding Defendants' Motion for Sanctions on or before August 8, 2024. (Id.; Walther Decl. Ex. C [Docket No. 123] (a copy of the letter sent to Plaintiff)).

Meanwhile, Defendants hired a process server to serve discovery documents (which Plaintiff had requested) on Plaintiff at his address on file with the Court. (Sinner Decl. [Docket No. 124]). However, despite attempting to deliver the documents six times from July 24 through August 1, 2024, at varying times during the day, the occupants of Plaintiff's home refused to come to the door or respond in any way. (Id.). In addition, on August 12, 2024, Defendants mailed Plaintiff a copy of Defendant's Motion for Sanctions and accompanying materials. (Affidavit of Service [Docket No. 127]). Such materials were presumably delivered to Plaintiff's listed address and received by Plaintiff because they were not returned as undeliverable.

Defendants then filed their motion for sanction with the Court on August 12, 2024. [Docket No. 120]. Defendants request pursuant to Federal Rule of Civil Procedure 37(b)(2), that the Court order the sanction of dismissal against Plaintiff for failing to appear at his deposition after being ordered to do so. (Def.s' Memo. [Docket No. 122] at p. 3). The Court held a hearing for Oral Arguments on September 11, 2024. However, despite sending notice of the hearing, [Docket No. 128], and despite delaying proceedings by 15 minutes, Plaintiff never appeared.

5

[Docket No. 129]. Plaintiff has not provided the Court with any communication explaining his absence.

## II.   STANDARD OF REVIEW

When analyzing a motion seeking the sanction of dismissal for a failure to comply with a discovery order, the Eighth Circuit cautions that the better practice is to apply Rule 37 rather than analyzing the case pursuant to Fed. R. Civ. P. 41(b). Sentis Group, Inc. v. Shell Oil Co., 559 F.3d 888, 899 (8th Cir. 2009). Rule 37(b)(2)(A) provides that if a party fails to obey an order to provide discovery, the Court may issue an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

A magistrate judge enjoys considerable discretion in choosing appropriate sanctions in such a case. See Chrysler Corp. v. Carey, 186 F.3d 1016, 1022 (8th Cir. 1999); see also Monsanto Co. v. Ralph, 382 F.3d 1374, 1380 (Fed. Cir. 2004) (applying 8th Cir. law) (stating that "[d]istrict courts have wide latitude in fashioning an appropriate sanction [under Rule 37(b)(2)]"); United States v. Big D Enters., 184 F.3d 924, 936 (8th Cir. 1999) (also observing

that Fed. R. Civ. P. 37(b)(2) permits broad discretion to impose sanctions for a party's failure to comply with a discovery order).

"To justify a sanction of dismissal, Rule 37 requires: '(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" Sentis Group, Inc., 559 F.3d at 899. However, the Court's discretion to issue Rule 37 sanctions "is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and relate to the claim at issue in the order to provide discovery." Hairston v. Alert Safety Light Products, Inc., 307 F.3d 717, 719 (8th Cir. 2002) (quoting Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992)). "While the sanction of dismissal is 'drastic' and should therefore be used only in exceptional cases, a district court is not required to impose the least onerous sanction so long as it considers whether a lesser sanction is available or appropriate." Brennan v. Qwest Communications Int'l, Inc., 2009 U.S. Dist. LEXIS 47898, 2009 WL 1586721 at *7 (D. Minn. June 4, 2009) (citations and quotations omitted).

Before dismissing a case on this basis, a "court must investigate whether a sanction less extreme than dismissal would suffice, unless the party's failure was deliberate or in bad faith." Bergstrom v. Frascone, 744 F.3d 571, 576 (8th Cir. 2014) (quoting Avionic Co. v. Gen. Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992)).

### III.   ANALYSIS

Rule 37 explicitly authorizes the court to sanction parties for failing to attend their own depositions. See Fed. R. Civ. P. 37(d)(1)(A)(i). No subpoena is needed. The only requirement is that the party be "served with proper notice" of the deposition beforehand. Id.; see 7 James Wm. Moore et al., Moore's Federal Practice § 30.21 (3d ed. 2017); see also Jules Jordan Video, Inc. v.

144942 Can. Inc., 617 F.3d 1146, 1158 (9th Cir. 2010) (observing that "a simple notice of deposition is sufficient to compel [a party's] attendance").

As a preliminary matter, the Court finds to warrant the sanction of dismissal, the Defendant must demonstrate the existence of "(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party." Helland v. St. Mary's Duluth Clinic Health Sys., No. 10-CV-31 (RHK/LIB), 2011 U.S. Dist. LEXIS 50737, at *5 (D. Minn. Apr. 19, 2011) (quoting Sentis Group, Inc., 559 F.3d at 899).

First in the instant case, it is undisputed that an Order compelling Plaintiff to appear for his second scheduled Deposition exists in this case. (Order [Docket No. 119]).

Second, Plaintiff's violation of that order was willful. To find that a plaintiff has willfully violated a discovery order, the court need not find that the plaintiff acted in bad faith. Rather, the court is required only to find that the plaintiff "acted intentionally as opposed to accidentally or involuntarily." Hunt v. City of Minneapolis, Minn., 203 F.3d 524, 527 (8th Cir. 2000). The record shows that Plaintiff <u>intentionally</u> refused to sit for is scheduled second deposition in violation of the Court's order because he was both aware of both Defendants' second deposition notice as well as the Court's order. [Docket No. 119].

Defendants' provided Plaintiff with notice of his second deposition by mailing said notice to the address on file with the Court.[7] In addition, Plaintiff received the Court's Order which rejected Plaintiff's theory that he could only be deposed if he 'agreed' to such a deposition along with Plaintiff's numerous other objections all of which (unsuccessfully) argued why he could not be deposed. (Order [Docket No. 119] at pp. 14–19). This same Order explained to

---

[7] The Court finds that Plaintiff had received mail related to the above captioned matter at his listed address in the past and therefore, absent any evidence to the contrary, concludes that Plaintiff had received notice of his second deposition which was sent to the same address.

Plaintiff that such depositions were consistent with the Federal Rules of Civil Procedure and that he would be required to comply with such rules as a condition of maintaining his civil action in Federal Court. (Id.).

However, despite receiving the explanation in the Court's Order as well as notice of his own deposition, Plaintiff did not appear at his second scheduled deposition. As the Court noted in its June 24, 2024, Order, Plaintiff's pro se status does not excuse him of comply with the Federal Rules of Civil Procedure. Lindstedt, v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer . . .") (footnote omitted); Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders with the Federal Rules of Civil Procedure.").

Moreover, Plaintiff has made no attempt to proceed with this case, respond to the notice of his second deposition, respond to attempts to serve discovery on him, comminate with Defendants regarding the present motion, and has not been available by any means other than U.S. Mail. Plaintiff has also failed appear in the hearing for the present motion and has not provided the Court with any communication explaining his absence. Indeed, Plaintiff's refusal to communicate, appear, or otherwise maintain his action can only be construed as neither accidental nor involuntary, but rather has been deliberate and intentional. See McDonald v. Overnite Express, 2010 U.S. Dist. LEXIS 68528, 2010 WL 2733328, at *6 (D. Minn. May 11, 2010). As a result, the Court finds, that Plaintiff intentionally refused to sit for his deposition and therefore, Plaintiff intentionally and willfully violated the Court's June 24, 2024, Order compelling Plaintiff to appear for a deposition by Defendants.

Third, the Defendants have suffered prejudice from Plaintiff's failure to comply with the Court's order. To prevail for trial, the Defendant must be able to obtain discovery in order to defend against Plaintiff's claim and raise its own defenses. See In re O'Brien, 351 F.3d 832, 839 (8th Cir. 2003) ("A finding of 'prejudice' under Rule 37(b) is proper if the failure to make discovery impairs an opponent's ability to determine the factual merits of a party's claims."). Without discovery, the case cannot proceed. The necessity of Plaintiff's deposition is even more apparent considering that Plaintiff's Complaint and Amended Complaint are handwritten and the alleged facts supporting his claims, and the claims themselves, are difficult to decern. (See Compl. [Docket No. 1]; Amend. Compl. [Docket No. 64]).

Furthermore, Plaintiff has filed multiple motions and documents in support which contain numerous of new claims and theories of liability not contained in his original or amended complaint. For example, Plaintiff has added claims that a car accident was involved along with "sexual misconduct," [Docket No. 64]; references that his rights under the 11th Amended and right to a Miranda warning were violated, [Docket No. 67]; a claim against the municipal Park Board despite the municipality not being named as a defendant, [Docket No. 67]; numerous accusations of misconduct by Defense Counsel and the Park Police Department, [Docket Nos. 24, 40, 66, 70, 80]; and claims that Plaintiff was jailed on his twin's outstanding warrant. [Docket Nos 33, 49, 64]). This has created a moving target of litigation which Defendants relied on an oral deposition to try to untangle Plaintiff's claims.

As a result, given that without Plaintiffs deposition, Defendants would lack critical discovery and deadline to depose Plaintiff has passed, the Court finds that Defendants have suffered prejudice as a result of Plaintiff's failure to appear for his second scheduled deposition.

Additionally, the Court notes that other, alternative sanctions would prove ineffective in the present case. Hudson v. Pinnacle Teleservices, 241 Fed. Appx. 340, 341 (8th Cir. 2006) (finding analysis of futility of alternative sanctions proper in motion for sanction of dismissal under Fed. R. Civ. P. 37). For instance, under Federal Rules of Civil Procedure 37(b)(2)(A)(i), (ii), and (iii), designating certain facts as established, prohibiting the Plaintiff from supporting or opposing designated claims or defenses, or striking pleadings in whole or in part would not resolve the Plaintiff's willful discovery failures while still preserving any claim. As such, restricting claims, striking pleadings, and establishing certain facts would not be possible since the Plaintiff would be left without the essential facts in support of the claims asserted in his complaint. If the Plaintiff lacks the essential facts to support his claim or rebut Defendant's evidence, Defendant could properly seek and obtain summary judgment against the Defendant. Thus, any such sanctions would essentially have the same effect as a sanction of dismissal. Similarly, striking Plaintiff's pleadings would have to be done in whole, not in part, since Plaintiff is refusing to be deposed on any of the claims in his pleadings and this would also effectively dismiss his case.

Moreover, staying the action under Federal Rule of Civil Procedure 37(b)(2)(A)(iv) would not serve any purpose because the Plaintiff has plainly and repeatedly demonstrated throughout these proceedings his complete unwillingness to participate in his own oral deposition. Furthermore, Plaintiff has been unreachable since the May Hearing hand since then has not taken the responsibility for prosecuting his action. Therefore, staying the proceedings to give the Plaintiff yet more time to answer discovery would be ineffectual since the Plaintiff has given no indication that he would ever on his own answer the discovery requests submitted by the Defendants even if he were granted an extension.

Furthermore, giving the Plaintiff additional time to comply with discovery would delay the progress of this case even further and require the Court to extend the discovery deadline set forth in the Pretrial Order which required discovery to be completed by August 15, 2024. Since no discovery has yet been undertaken in this case by Defendants, the Court would have to extend the deadline. The Court is unwilling to extend such deadlines on the extremely unlikely chance that the Plaintiff would decide to sit for his deposition and begin to prosecute his case.

Finally, holding the Plaintiff in contempt until he complies with the Court's June 24, 2024, Order would likewise be ineffectual because even if held in contempt, the Court considers it highly unlikely, based on the Plaintiff's prior statements and actions, that he would even then participate in discovery or attempt to independently prosecute his case. Moreover, Plaintiff is unemployed and lives on public assistance. [Docket Nos. 2, 80]. Because of this, the Court granted Plaintiff's application to proceed in forma pauperis in this matter. [Docket No. 13]. Thus, monetary sanctions, costs and attorney's fees would not be collectible, nor would they be a deterrent to continued refusal to comply with the Court's orders.

Perhaps most telling is the Eighth Circuit has held dismissal was the appropriate sanction in a nearly identical fact pattern. In Burgett v. Gen. Store No Two Inc., 727 F. App'x 898 (8th Cir. 2018), the Court held that a civil rights action under 42 U.S.C. § 1983 brought against several police officers and a grocery store was properly dismissed as a sanction under Rule 37(b)(2) when the plaintiff willfully failed to appear for his rescheduled deposition. Id.

For these reasons, the Court recommends Plaintiff's case be dismissed as the appropriate sanction for his willful failure to comply with this Court's June 24, 2024, Order for refusing to sit for his deposition.

### IV. CONCLUSION

For the foregoing reasons, and based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMENDED** that Defendants' "Motion for Sanctions," [Docket No. 120], is **GRANTED**, and that the above-captioned matter is **DISMISSED** with **PREJUDICE**.


Date: September 30, 2024                                s/Leo I. Brisbois
                                                        Hon. Leo I. Brisbois
                                                        U.S. MAGISTRATE JUDGE



### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).