UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Darrell Warren,<br><br>    Plaintiff,<br><br>v.<br><br>Meg Forney, *Mpls. Park Board*; Andrew Klein, *Mpls. Park Police*; and Karl Zabinski, *Mpls. Park Police*,<br><br>    Defendants. | Civ. No. 23-70 (JWB/LIB)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Darrell Warren, pro se Plaintiff.

Alana M. Mosley, Esq., and Ann E. Walther, Esq., Rice, Walther & Mosley, LLP, counsel for Defendants.

Defendants moved to dismiss this case as a sanction for Plaintiff's failure to comply with a discovery order. (Doc. Nos. 120, 122.) United States Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") on September 30, 2024, recommending dismissal. (Doc. No. 130.) Plaintiff objects to the R&R and has filed various other documents. (Doc. No. 137; *see also* Doc. Nos. 131–36, 139–47.)

Plaintiff is proceeding pro se, meaning without a lawyer. While courts are mindful that pro se litigants may not be familiar with legal procedures, all parties—whether represented or not—are required to follow court rules, orders, and deadlines. It is central to the fair administration of justice and it prevents delays or prejudice to the other side.

Plaintiff has not complied with the rules. Plaintiff's objections were filed three weeks late, well beyond the 14-day deadline specified in District of Minnesota Local Rule 72.2(b)(1), which requires that objections to a magistrate judge's Report and Recommendation be filed within 14 days after service. Untimely objections prevent a fresh review of the Report and Recommendation.

Even if the objections had been timely, they fail to meet the specificity requirement. An objection must identify specific portions of the Magistrate Judge's findings and explain why those findings are incorrect. Plaintiff's objections do not address any specific errors; instead, they repeat arguments already made and simply express general dissatisfaction with the outcome.

When objections are untimely or lack specificity, a Report and Recommendation is reviewed for clear error. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing R&R objections that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error"). A clear error is an obvious mistake in applying the law or interpreting the facts. If objections are both timely and specific, a District Judge conducts a de novo review, meaning the issues would be reexamined from scratch without deference to the Magistrate Judge's conclusions.

Careful review of the record reveals no clear error in the Magistrate Judge's analysis or conclusions. The findings are well-supported by both the evidence and the law. The key facts and conclusions include the following:

1. Plaintiff was ordered to appear for his deposition after previously failing to

      comply with discovery. A deposition is a routine part of the legal process, requiring a party to answer questions about their claims under oath.

2. Plaintiff intentionally violated a court order by failing to appear for his scheduled deposition. A willful violation means the failure was deliberate, not accidental.

3. Defendants were harmed by this failure because they could not obtain essential information needed to defend against Plaintiff's claims. This prejudice is significant, particularly given that Plaintiff's claims have shifted over time and are difficult to understand based only on written filings.

The Magistrate Judge considered whether alternative sanctions—such as extending deadlines, striking claims, or imposing monetary penalties—would be effective. Given Plaintiff's repeated refusals to participate in discovery or respond to court orders, the Magistrate Judge reasonably concluded that no lesser sanction would address the noncompliance.

No doubt, dismissal is a severe sanction, especially for a pro se litigant. But continued refusal to participate in the discovery process and failure to comply with court orders leaves no reasonable alternative. *See Burgett v. Gen. Store No Two Inc.*, 727 F. App'x 898, 900–01 (8th Cir. 2018) (dismissing case as a sanction under Fed. R. Civ. P. 37(b)(2) for failure to appear at rescheduled deposition). No party to litigation can be permitted to ignore procedural obligations at the expense of the other party's ability to defend itself.

## ORDER

Accordingly, based on the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection (Doc. No. 137) is **OVERRULED**.

2. The Report and Recommendation (Doc. No. 130) is **ACCEPTED**.

3. Defendants' Motion for Sanctions (Doc. No. 120) is **GRANTED**.

4. Plaintiff's Motion to Disqualify the Magistrate Judge (Doc. No. 134) is **DENIED**.

5. Plaintiff's Petition (Doc. No. 144) is **DENIED**.

6. This action is **DISMISSED WITH PREJUDICE**, meaning it cannot be re-filed.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: December 17, 2024                         *s/ Jerry W. Blackwell*
                                                JERRY W. BLACKWELL
                                                United States District Judge